UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

USA,

    Plaintiff,

v.                                                Case No: 2:13-cv-793-FtM-38CM

34 LUXURY VEHICLES,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Claimant JITCO Group Limited's (JITCO) Motion to Sever Eight Defendant Vehicles (Doc. #66) filed on August 28, 2014. The United States filed its reply (Doc. #71) on September 18, 2014, indicating it does not oppose JITCO's Motion. This matter is ripe for review.

## BACKGROUND

The United States seized 34 luxury vehicles of various makes and models in June 2013. These seizures were pursuant to warrants signed by Magistrate Judge Douglas N. Frazier, who found probable cause to believe the vehicles were subject to forfeiture under 18 U.S.C § 981(a)(1)(C). The United States filed a civil Complaint against the vehicles *in rem*, supported by the affidavit of an investigating Lee County Sheriff Detective. The Complaint requested forfeiture of the vehicles under §

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

981(a)(1)(c), alleging the vehicles were proceeds of wire fraud, money laundering, and mail fraud. Several parties filed claims for the seized vehicles, among them JITCO, who filed a claim to the following eight vehicles:

  a. 2013 BMW X5 VIN: 5UXZV4C56D0E00403

  b. 2013 BMW X5 VIN: 5UXZV4C53D0E05977

  c. 2013 BMW X5 VIN: 5UXZV4C57D0E05982

  d. 2013 BMW X5 VIN: 5UXZV4C55D0E05978

  e. 2013 BMW X5 VIN: 5UXZV4C58D0E06056

  f. 2013 BMW X5 VIN: 5UXZV4C52D0E05856

  g. 2013 BMW X5 VIN: 5UXZV4C50D0E05855

  h. 2013 BMW X5 VIN: 5UXZV4C59D0E05837

The United States filed its Second Amended Complaint against the 34 vehicles on August 21, 2014, adding grounds for forfeiture under 19 U.S.C. § 1595(a)(d). JITCO then filed its Motion to Sever.

## DISCUSSION

JITCO requests the claims against its eight defendant vehicles be severed under Fed. R. Civ. P. 21. JITCO argues joinder of its vehicles to the action is improper because the claims do not arise from the same transactions, occurrences, or series of occurrences as the other defendants *in rem*. JITCO also argues that severance will not prejudice the other parties or cause undue delay. In response, the United States does not concede any factual allegations contained in JITCO's Motion, but does not object to the claims being severed. The United States notes in its response the participants,

evidence, and some witnesses relating to JITCO's vehicles are different from the other defendant vehicles.

Rule 21 authorizes district courts to "sever any claim against any party." "A district court also has broad discretion when deciding whether to sever claims under Rule 21 and may consider factors such as judicial economy, case management, prejudice to parties, and fundamental fairness." Potts v. B & R, LLC, 8:13-CV-2896-T-27TGW, 2014 WL 1612364 (M.D. Fla. Apr. 21, 2014); see Foster v. Auburn Univ. Montgomery, No. 2:11–cv–503–WHA–CSC, 2011 WL 3875623, at *4 (M.D.Ala. Sept.1, 2011)("[A] court's decision to sever parties under Rule 21 should be tempered by the possibility of prejudice to the severed party."); Acciard v. Whitney, No. 2:07–cv–476–UA–DNF, 2008 WL 5120820, at *1 (M.D.Fla. Dec.4, 2008)("Courts are given discretion to decide the scope of the civil action and to make such orders as will prevent delay or prejudice."); Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 521–22 (5th Cir.2010)(considering fundamental fairness of joinder to the parties).

Applying these principles, the Court finds the severance of JITCO's vehicles is appropriate. The eight vehicles are unrelated to the other vehicles in this action, and it will not prejudice the other parties or create unfairness by severing the claims from the other defendant vehicles. Therefore, JITCO's Motion to Sever Eight Defendant Vehicles is due to be granted.

Accordingly, it is now

**ORDERED:**

Claimant JITCO's Motion to Sever Eight Defendant Vehicles (Doc. #66) is **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of October, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record