UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Case No:  2:13-cv-793-FtM-38CM

34 LUXURY VEHICLES,

    Defendants *in rem*.

_____/

### ORDER[1]

This matter comes before the Court on the United States' Motion to Voluntary Dismiss Complaint with Prejudice (Doc. #103) filed on January 7, 2015. Claimant JITCO Group Limited filed a response on January 21, 2015. (Doc. #107). This matter is now ripe for review.

The United States filed a Second Amended Complaint for forfeiture *in rem* against 35 Luxury Vehicles, including eight vehicles claimed by JITCO Group Limited (hereinafter "JITCO").[2] (Doc. #63; Doc. #18). In response to the operative complaint, JITCO filed its answer, affirmative defenses, and counterclaim. (Doc. #72). JITCO also filed a motion for partial summary judgment that is pending before the Court. (Doc. #92).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] JITCO's eight vehicles are identified by their VIN numbers: 5UXZV4C56D0E00403, 5UXZV4C53D0E05977, 5UXZV4C57D0E05982, 5UXZV4C55D0E5978, 5UXZV4C58D0E06056, 5UXZV4C52D0E05856, 5UXZV4C50D0E05855, and 5UXZV4C59D0E05837.

Now, the United States asserts it will not be in the public interest to pursue this action. As a result, it seeks dismissal of this action with prejudice against the eight JITCO vehicles pursuant to Rule 41(a)(2). This rule states,

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed.R.Civ.P. 41(a)(2).

The United States argues JITCO will not be prejudiced by the dismissal of this action because it does not oppose the relief requested in the motion. Further, since the United States seeks to dismiss this action with prejudice, JITCO is at no risk of subsequent litigation over the same issues. The United States asserts it is attempting to end this litigation and conserve resources. Moreover, the United States asserts granting this motion will result in the return of the eight vehicles, the relief requested by JITCO's pending motion for partial summary judgment. Lastly, the United States asserts the counterclaim can remain pending for independent adjudication.

In response, JITCO asserts it does not oppose the dismissal with prejudice. Nonetheless, JITCO seeks affirmation from the Court that its counterclaim is compulsory and it has substantially prevailed under 28 U.S.C. § 2465(b).

Upon consideration, the Court find the United States' motion is due to be granted pursuant to Rule 41(a)(2). As a result, this matter will be dismissed with prejudice. Also, JITCO's counterclaim will remain pending for independent adjudication. In light of the Court's dismissal with prejudice, JITCO is the prevailing party pursuant to Section

2465(b). See United States v. Certain Real Prop., 543 F. Supp. 2d 1291, 1294 (N.D. Ala. 2008) ("the court finds that the claimants are entitled to recover attorneys' fees as the 'substantially prevailing' party. The court's ruling dismissing the case with prejudice clearly 'qualifies as a judicially qualified change in the legal relationship of the parties' and thus satisfies the standard announced in Buckhannon.").

Accordingly, it is now

**ORDERED:**

United States' Motion to Voluntary Dismiss Complaint with Prejudice (Doc. #103) is **GRANTED**. This matter is **DISMISSED with prejudice** as it relates to Claimant JITCO Group Limited, only.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of February, 2015.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record